**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-50694
Summary Calendar

WILLIAM CHARLES TURNER

Plaintiff-Appellant

v.

DOUG DRETKE; ALTON D CASKEY; EXIQUIO GARZA; KENNETH DEAN; GROUNDS, Warden; NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; JEFFREY C MANSKE

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CV-133

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

William Charles Turner, Texas prisoner # 389529, moves for permission to proceed in forma pauperis (IFP) to appeal the denial of his motion for preliminary injunction. In that motion, Turner sought to compel prison officials to comply with his dietary restrictions, allegedly necessitated by both his peanut

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allergy and religious practices. By moving for leave to proceed IFP, Turner is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

A movant for a preliminary injunction must demonstrate (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party, and (4) that the injunction will not have an adverse effect on the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Turner argues that his injuries from the inadequate meals are irreparable because they constitute violations of his First and Eighth Amendment rights and affect his health. We have previously held, however, that "prisons need not respond to particularized religious dietary requests to comply with the First Amendment." *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir.), *cert. denied*, 128 S. Ct. 707 (2007). Additionally, Turner's brief is devoid of legal argument demonstrating that the prison's policy to not adhere to special dietary needs during lockdown is unreasonable, and he has therefore waived review of that issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In light of *Baranowski*, Turner's inadequate briefing, and the lack of evidence supporting Turner's allegations of physical injury, Turner has failed to show that the allegation of irreparable injury has arguable merit with regard to his First Amendment free-exercise claim.

With regard to his Eighth Amendment claim, "[t]he deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities." *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (internal quotation marks and citation omitted). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Id.* Neither Turner's factual allegations nor the evidence adduced in support of his request for injunctive relief evinces a

continuous deprivation of food for any period much less a lengthy period. Consequently, Turner has not shown that he has been deprived life's basic necessities and has therefore shown neither the threat of irreparable harm nor a substantial likelihood of success on the merits of his Eighth Amendment claim.

As Turner has not shown that the district court's determination that his appeal would be frivolous is incorrect, his request for IFP is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We note that Turner has already accumulated one strike in *Turner v. Mooneyham*, No. 07-10517 (5th Cir. Feb. 20, 2008) (unpublished). Turner is therefore cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g)

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.